Appellant LG Display took a sharp departure from conventional thinking when it created a method for making an LCD display that no longer required front mounting screws. That method was set forth in the 237 patent which revolutionized the use of LCD screens in laptop computers and allowed laptop makers to create a much larger LCD display area in the same footprint of existing laptop display cases. The board's rejection of the 237 claims during the over-generalized summary of the claims that omitted a reference of a key limitation, namely forming a fastening part joining together a first support, a second support, and a casing through the side edges. That omission led the board to a finding of obviousness based on prior art references that did not supply the omitted claim term. The board also engaged in improperly choosing and picking elements from the prior art without taking into account the full teaching of the prior art, which resulted in no substantial evidence supporting how one of ordinary skill in the art would combine the prior art references in the manner described in the board's decision. The board's decision should be reversed and the claims at issue allowed. The board's claim construction, as I said, each of claims 1, 45, and 54, those are the independent claims at issue in this re-examination in the board's decision, require forming a fastening part joining together the first support, second support, and the casing through the respective side edges. The board's construction, and I use that term loosely, was basically a summary of what they thought the claim was, and that summary only included a recitation of a first support frame, a second support frame, and an outer casing and joining together the first support frames and the outer casing through the portion of the support frame coupled to the second support frame. Noticeably absent from that summary is any reference to a fastening part that does all three of those things, it joins those three together. That's the claim limitation. It's not joining via side edges or saying that Mastronori discloses a casing attached to a liquid pistol display via side edges. When they used that via side edges, they were not using the true meaning of the claims at issue. That correct claim construction, the claim construction that we are submitting is appropriate, is that the fastening part, a fastening part, a single fastening part joins those three elements together through their side edges. In essence, the plain language, if you use the Phillips, as you say, you use the plain and ordinary language from the perspective of one of ordinary skill in the art who is presumed to have read the specification, that plain meaning of that language means there's one fastening part and that fastening part must go through each of those elements, and go through means penetrate, through means in one side and out the other. The specification fully supports that. The specification teaches that the fastening part, and it's identified as a screw, 430, engages a screw hole in each of the first support, the second support, and the casing, and the specification clearly states it at column four, lines 54 through 64. The rear case 500 and the liquid pistol display 700 are joined to each other by fastening devices such as screws 430, which are locked to second and third screw holes 410B and 410C. Although not shown in the drawings, the screws 430 are also locked with the first screw holes 410A. The specification further shows that the first mounting hole, 410A, is formed on the fastening frame 190. The specification clearly supports the construction we are submitting and doesn't support the board's more generalized joining by sides. It's a little bit more nebulous and not as specific and eliminates that single fastening part. If this is so critical to patentability, why not put it in the claims? We did. We say a fastening part. Well, you didn't say a single fastening part, and there are cases that we have that suggest that a does not mean a single, so as Judge Newman pointed out, you could have rendered that part of these by putting in a single. But those cases also say that you look to the claim language and to the specification to see if the inventor was referring to a single one or... No, I think the question was why you didn't change the claims to include singular. Even if you think the board is wrong, obviously this is prolonging the problem, so why didn't you just correct the claim language? I think we thought it was sufficiently submitted. The specification and the claim language was specifically clear, and we don't... I don't know why it would be necessary if that claim language was already present. To get down to the nitty-gritty here, I take it what you're really saying is the problem with Masanori is that the screws that go through the side in Masanori go through the casing and the chassis, but they don't go through a third element, which is what your claim And the Kamano has all three elements, but it attaches essentially by snapping as opposed to having a screw go through all three of the sides. Is that correct? Correct. The Kamano has two side edges that are sort of buttressed against each other. They look like they snap. And they have a little tab that they bend underneath, and so it supports it by gravity, and the rest of the elements are sort of sandwiched between it. So neither one of the elements, neither one of the prior elements disclose a fastening part that penetrates all three elements. Masanori, as you said, only teaches the one. And Masanori, my view is, you know, the patent edition here was specifically designed to avoid front-mounted screws. The patent itself talks about there are no fastening elements on the display surface. The entire frame of display area of the present invention is narrower than those of conventional. That's at column 5, lines 18 through 25. It also says an object of the present invention is to increase the ratio of the viewing area to the whole area of the computer display. Further says, accordingly in the present invention, the assembling or fastening devices are located at the side surfaces of display and not at the front or back side. They go through the side. They wanted to get a larger display area on the same footprint. But if, I suppose, if you wouldn't argue, I take it, or maybe you would, I'll ask, that if Masanori had a third element instead of the chassis, if it had what's called the chassis, if it had a bottom plate and a top plate and the screws went through all three and there were also top screws, you wouldn't argue that Masanori wouldn't have rendered your invention obvious, would you? I think I… Do you understand what I'm saying? Yeah, I think you're saying… What you're saying is Masanori is distinguishable in addition to only having the screws go through two surfaces by the fact that it has top screws. But that's just extra stuff, right? If it had screws going through three different surfaces in a way that would hold the three surfaces together, that would anticipate… I would say they have a better argument, but my argument is still with Masanori, that Masanori, you have the board combining Masanori with Kamano. And they essentially say Masanori has a screw through the casing and one frame support, and Kamano is connected already. And they say we can combine those two and that would have taught one of our near skill in the art to make a screw that connects essentially two fastening parts. I think there's a debate. I think the examiner thought that there was a screw through three fastening parts in the combination, but the board clearly said that Kamano is already joined and all you're doing now with Masanori is taking a screw and connecting it to that already joined sandwich. But Masanori is a front mounted screw device. The only reason that you have a side support screw in there is the front mounted screws create deflecting deformation. That's why one of our near skill in the art, looking at Masanori, is not led to getting rid of the front mounting screws. Nothing in the combination and the basis for the combination suggests getting rid of the front mounting screws. This case went through five and a half years of re-examination and the examiner never found a piece of prior art that had a side mounting screw that wasn't used with a front mounting device. It's a leap of logic for the board to say that the combination of Masanori and Kamano by one of ordinary skill in the art would have taught that person to combine them with a single screw. What it teaches one of ordinary skill in the art is I'm making an improvement to a front mounted device. My analogy is Masanori is an improvement to a carburetor, LG's is a fuel injector. They're completely different. I think based on those decisions, your honors, we think that the combination relied upon by the board, the elements, those references themselves did not teach the claimed elements of the invention and there was no support for the combination of those elements from the perspective of one of ordinary skill in the art. We think the board's decision should be reversed and the claim should be allowed. Thank you. Let's hear from the solicitor and we'll save you a rebuttal time, Mr. Rigg. Thank you. Thank you. May I please the court? This case concerns a straightforward concept, joining together LCD support frames and a casing where the frames and casing are fastened on the side edges of the LCD instead of the front face. Because the primer clearly discloses that side mounted LCD frames and casings were known in the art, substantial evidence supports the board's decision. If this is so clear, do you have any insight as to why this re-exam took almost seven years and resulted in a board opinion where the analysis is like three pages? I think there were a number of final office actions that the examiner entered and then went through. There was an initial, I believe an initial anticipation rejection that was no longer relied on. Beyond that, I don't have a specific reason why it took so long. But I think that if you really step back and think about this, this is connecting three elements through the side face and there's only so many ways to do that. Matsunori clearly discloses that you can use side mounting screws. It teaches the benefits of side mounting screws. It also talks about the disadvantages of front facing screws, front mounted screws. Kamano shows a first frame and a second frame connected via side fasteners. So I think having those two pieces of prior art, one of ordinary skill, would have been an obvious variation to result in the claims in LG's patent. It strikes me, and maybe this is pertinent to nothing very much, but it strikes me as odd. This is not the first time I've seen this sort of thing. The board, perhaps the examiners as well, confine themselves so much to the exact art here of display screens for portable computers. The concept of connecting multiple pieces of metal or plastic, as is probably the case here, with screws that go through two or three different pieces has been around for years and years and years. And yet, we don't see any reference in the board's opinion to any art outside of this precise setting. Is there any reason that we are prohibited from going beyond the precise setting of this kind of display screen? Well, I think two points on that question. First, I think it's not necessary to go beyond this art because I think that this art, in this case, is directly related to the subject matter of LG's patent and is more than sufficient to reach the obviousness finding. If the court doesn't believe so, I think that the court can look at knowledge of one of Orner's skill to assist in the obviousness combination. Well, but other than my having just said that I think a person feels, I am not sure what I have to back it up other than my observations in the course of life as a DIY person. Well, the board didn't rely on anything in addition. No. That's the question. And the examiner didn't either, I guess. No, and while I think that they could have, I don't think it was necessary in this case. The two references, like you said, this was really about connecting three elements. In this exact same way that you have already connected two. Exactly. So the question is, can you add another element and attach, make the holes line up and get the screws through one more hole? We would submit that that would just be an obvious variation of what was done in the past. But, you know, that's not exactly what the board said here in part of the problem. And the opposing counsel points out that the board seemed to have a different concept here. The board's decision is brief, but I think LG reads the board's decision too narrowly. I think that LG wants to look at the board's decision as requiring a physical combination of the two, that you must take the exact frames from Kamano and kind of meld it together with the casing and the screws from Masanori. And that's not the situation. While the board didn't go into a lot of detail, I think what the board was saying was, you know, you have these two references. They both teach connecting LCD frames and casings on the side. That's enough to lead you to this claim invention. The board wasn't saying you must take the frames of Kamano and include the casing of Masanori with all the screws of Masanori. I think that LG's brief includes a picture or a diagram of what they think the two of them melded together would look like. And I think that's the exact problem with LG's argument, that they're so focused on a physical combination of the two that they're not looking at what the two references as a whole would have taught on a corner scale. And they also raise the issue of Masanori's front-facing screws. While we agree that Masanori teaches both front-facing screws and side-mounted screws, the whole focus of Masanori is on the side-mounted screws and really talking about the disadvantages of front-facing screws. So I don't think that it was really picking and choosing by focusing on the side-mounted screws. In fact, Masanori references is totally focused on the benefits of the side-mounted screws. While they're not the same exact benefits discussed in LG's patent, the law is clear that the motivations don't have to be the same for the opposite combination. And the Inri Haim case that we cite in our brief reinforces this, because it discusses how looking to the really key feature of a prior art reference is not picking and choosing that feature. It's not improperly picking and choosing. Finally, LG's reply brief barely mentions our waiver argument. There's a great contrast between LG's opening brief and their brief for the board. Many of these issues, including the front-facing screws argument, were not raised to the board, and so the board didn't really have to. But the key argument that has been made here and was pressed, I think, principally in the brief, so I think you would agree, is preserved, and that is that the difference between Masanori and, particularly Masanori, and the claimed invention is the two sheets versus three sheets of plastic metal that the screw penetrates. Yeah, I agree that that was preserved, but really that's, getting down to it, that's connecting two items versus connecting three items. We just don't believe that adding that extra item, adding that extra frame, is really a patentable advance over Masanori. LG had argued that there was no prior art reference that showed side-mounted screws without the front-mounted screws, but the Kemano reference, while it doesn't show screws, it shows side-mounted fasteners without any front-facing fasteners. So one of the references at issue shows exactly what LG claims is missing. There are no other questions. Thank you, Mr. Foreman. Mr. Riggs. Your Honors, we disagree that Kemano shows side-mounting technology as claimed in Claims 1-45 and 54. It does not penetrate the side edges. It slides underneath and supports it through gravity. Secondly, the board and the examiner did not rely on Masanori alone or with the APA. They were looking for something else. They knew that you couldn't use Masanori alone to teach the claimed invention and to suggest they can go from two to three without showing those elements in the prior art and simply getting it by combining the references isn't the law. The prior art references must show the elements. KSR allows you to use common sense to come to the conclusion of why you combine the references, but it doesn't allow you to add what's not shown. I think this case is simply a matter of hindsight reconstruction. The board and the examiner used the LG display and tried to find pieces of prior art that fit it. It's not appropriate, and even if you don't consider it hindsight, the combination does not teach a single fastening part joining together the three elements of the frames. Well, you know, you say, and let me test the proposition that you just articulated. You say, well, it's not enough just to say that you can extrapolate from the prior art to something that isn't found somewhere else in the prior art to be combined. But suppose that, for example, in Masanori, which has three side screws on each side, that's the prior art, and suppose your invention is to put four side screws on each side. Surely you would not argue that, well, there you are. It can't be obvious in the life of Masanori because there's no prior art that shows four screws. Each of those screws is doing the same thing, so you're just adding one. Right. But in this case... That wouldn't be, I mean, that would be obvious, right? Even though there's no prior art that has four screws. All other things being the same, sure, that wouldn't be obvious. But in this case, all other things are not the same. Masanori still relies on the main function of connecting its LCD display together by using front-mounting screws. And to the extent that FOEs argue that it talked about the disadvantages of front-mounting screws, it didn't teach getting rid of them. It taught about making an improvement to the front-mounting screws. We believe that the claims are allowable, that they're not obvious, and that the claims should be allowed, and the board's decision reversed. Thank you, Your Honor. Thank you, Mr. Rigg, and thank you, Mr. Foreman. The case was taken into submission.